**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

WATERPUR COMPANY,

    Plaintiff,

v.                                             CASE NO. 5:09-cv-00364-RS-AK

JAMIN ARVIG, WATER FILTERS
DIRECT LLC,

    Defendants.

_____/

## **O R D E R**

Before me is Plaintiff's Motion to Compel Discovery Responses. (Doc. 45). Defendant represents that Interrogatory Nos. 1 through 4 have been answered and are no longer at issue (Doc. 46).

Remaining at issue are interrogatories (Nos. 6 through 9) and requests for documents (Nos. 3 through 12 & 14) that seek sales information about all camper filter devices, all filter housing caps, all filter housing sump devices, and all RV water filter devices sold by Defendants from January 1, 2009 to the present. Defendants object on grounds of relevance in that the claims asserted against them concern only those products Plaintiff contends were advertised as compatible with Waterpur products, not all similar products. Plaintiff asserts, in support of its motion, that it is seeking information about all Defendants' sales since profits are a remedy available under the Lanham Act, 15 U.S.C. §1117(a). Defendants do not address this argument in their response.

I find that given the broad scope of relevancy, as defined by Rule 26(b), Federal Rules of Civil Procedure, and Plaintiff's need for the information, the motion should be granted.

**IT IS ORDERED** that Plaintiff's Motion to Compel (Doc. 45) is granted, and Defendants shall answer Interrogatory Nos. 6 through 9 and produce documents responsive to Request for Documents Nos. 3 through 12 & 14 not later than April 16, 2010.

**ORDERED** on April 7, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**