IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THE WATERPUR COMPANY,

    Plaintiff,

vs.                                                CASE NO. 5:09-cv-364/RS-AK

WATER FILTERS, DIRECT LLC,
d/b/a WATERFILTERS.NET, LLC;
and JAMIN ARVIG, individually,

    Defendants.
_____/

## ORDER

Before me is Plaintiff's Motion to Enforce Settlement Agreement (Doc. 143) and Defendant's Response (Doc. 145).

A settlement agreement is a contract that creates new rights and obligations. *See F.W.F., Inc. v. Detroit Diesel Corp.*, 308 Fed. Appx. 389, 390 (11th Cir. 2009) (unpublished). The agreement between the parties extinguished the previous cause of action as indicated by the Stipulation of Dismissal *with prejudice* (Doc. 40) and the Order (Doc. 141) dismissing this case *with prejudice* (Doc. 141).

At this juncture, the Plaintiff must turn to the contract law of the forum state for the construction and enforcement of the settlement agreement. *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. Ga. 1985). In both Florida and Minnesota, a breach of a settlement agreement is

limited to contract remedies. *See Farese v. Scherer*, 297 Fed. Appx. 923, 927 (11th Cir. 2008) (interpreting Florida law); *Larken, Inc. v. Wray*, 189 F.3d 729, 733 (8th Cir. 1999) (interpreting Minnesota law). The new contract-based cause of action is separate and distinct from this case even though, as diverse parties, it may very well end up again in this Court.

The Motion to Enforce (Doc 143) is **DENIED,** and the Motion for Leave to File Reply Brief (Doc. 147) is **DENIED as moot**.

**ORDERED** on November 9, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**